IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hoyt Morris, | ) | Civil Action No.: 4:10-3143-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wayne McCabe, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his [Docket Entry 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on December 13, 2010. Petitioner is currently incarcerated at Evans Correctional Institution in Bennettsville, South Carolina.

On June 8, 2011, Respondent filed his [Docket Entry 31] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 30]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 9, 2011, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. On June 28, 2011, Petitioner filed his [Docket Entry 37] Response in Opposition to the summary judgment motion.

This matter is now before the court with the [Docket Entry 40] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on February 9, 2012. In his R & R, the Magistrate Judge recommended that the court should grant Respondent's Motion for Summary Judgment and deny Petitioner's outstanding motions. Petitioner filed timely objections

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

on February 27, 2012.

## Habeas Grounds for Relief

In the present § 2254 Petition, Petitioner raised the following Grounds for Relief:

**"Ground One:** The trial court erred in denying Petitioner a new trial based on a juror's intentional deception and concealment of bias against homosexuals.

> **Supporting Facts:** After trial it became clear that a juror had lied to the trial court during voir dire about her bias against homosexuality. Moreover, this same juror also lied to the trial court when questioned on this issue when it was initially brought to the court's attention. This purposeful concealment of bias, which if revealed would have disqualified the juror, entitles Petitioner to habeas corpus relief.

**Ground Two:** The trial court erred by refusing to allow Petitioner to introduce a Social Security Administration decision finding him disabled and by refusing to allow him to demonstrate his disabilities to the jury. . .

**Ground Three**: The trial court erred by refusing to allow a defense witness to testify that the State's principal witness had told her that he would pay Petitioner back for flushing his marijuana down the toilet. . .

**Ground Four:** Trial counsel was ineffective and Petitioner was prejudiced through counsel's failure to request the trial court to voir dire the prospective jurors as to whether they had any bias or prejudice against homosexuality.

> **Supporting Facts:** Petitioner was accused of having homosexual sex with two underaged boys. Under the circumstances of this case trial counsel should have requested voir dire of the prospective jurors regarding their feelings about homosexuality. Petitioner is entitled to habeas corpus relief on this issue.

(§ 2254 Attachment to Petition at 1-2.)

## Standard of Review of Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

I.   Habeas Corpus Standard

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence." *Id* § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. In order to grant habeas relief under the "unreasonable application" clause, the court must determine that the state court's decision was not only incorrect, but also was "objectively unreasonable." *Id.* at 409-11.

II.     Ineffective Assistance of Counsel Claim

Claims of ineffective assistance of counsel are reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must first show that the performance of counsel was deficient or "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* In meeting the second prong, a petitioner must show prejudice, in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Where a defendant challenges a guilty plea based on ineffective assistance of counsel, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The Supreme Court has cautioned that "the *Strickland* standard must be applied with scrupulous care," and that "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). Moreover, on federal habeas review of an ineffective assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* at 785. Therefore, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788.

## Discussion

Petitioner has not raised any objection to the Magistrate Judge's suggested finding that the motion for summary judgment should be granted as to Grounds Two and Three. Therefore, the court reviews the R & R "only [to] satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72, advisory committee's note). After conducting such a review and finding no clear error, the court adopts the Magistrate Judge's recommendation that Respondent's Motion for Summary Judgment should be granted as to Grounds Two and Three.

The court has reviewed *de novo* the portions of the R & R (as to Grounds One and Four) to which Petitioner objected. Upon careful review, the court notes that the Magistrate Judge accurately set forth the law applicable to Petitioner's ineffective assistance claim, including the law under *Strickland v. Washington*, 466 U.S. 668 (1984), and thoroughly summarized the facts relevant to that claim. The Magistrate Judge ultimately recommended dismissal of the § 2254 Petition. In his Objections, Petitioner makes little effort to demonstrate how the Magistrate Judge's findings are

incorrect. Rather, the majority of his Objections appears to be nothing more than a reassertion of the claims advanced in this case. This court has carefully reviewed Petitioner's objections and conducted the required *de novo* review of Petitioner's claim. Having done so, the court is left with the firm conviction that the Magistrate Judge's recommended disposition of this claim is correct, and that Petitioner has failed to show that the state court's determination of his claims was contrary to or an unreasonable application of federal law, or involved an unreasonable determination of the facts. Accordingly, Petitioner's Objections are overruled and the Magistrate Judge's recommendation to grant summary judgment in favor of Respondent, deny Petitioner's motion for summary judgment, and deny Petitioner's motion for default judgment is adopted.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, Petitioner has failed to make the requisite showing of "the denial of a constitutional right." Thus, this court denies a certificate of appealability.

## Conclusion

Based on the foregoing, the court hereby overrules all of Petitioner's Objections, and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, it is therefore

**ORDERED** that Respondent's [31] Motion for Summary Judgment is **GRANTED**, Petitioner's [23] Motion for Summary Judgment is **DENIED**, Petitioner's [17] Motion for Default Judgment is **DENIED**, and the § 2254 Petition is **DISMISSED**, without an evidentiary hearing.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
March 7, 2012